# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ERNEST JORD GUARDADO, | )<br>) |
| Plaintiff, | ) |
| vs. | ) Case No.: 2:18-cv-00198-GMN-VCF |
| STATE OF NEVADA, *et al.*, | ) **ORDER** |
| Defendants. | )<br>)<br>) |

Pending before the Court is the Motion for Preliminary Injunction/TRO, (ECF No. 2), filed by *pro se* Plaintiff Ernest Jord Guardado ("Plaintiff").[1] Defendant James Dzurenda filed a Response, (ECF No. 15). Plaintiff filed a Reply, (ECF No. 22).[2] For the reasons discussed below, Plaintiff's Motion is **GRANTED in part and DENIED in part**.

## I. <u>BACKGROUND</u>

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). (Resp. 2:3–4, ECF No. 15). On February 2, 2018, Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging violations of the First Amendment Free Exercise Clause, Fourteenth Amendment Equal Protection Clause, and Religious Land Use and Institutionalized Persons Act ("RLUIPA") against NDOC Director James Dzurenda ("Dzurenda "), Deputy Director of Programs K. Thomas ("Thomas"), Warden

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] On October 4, 2018, Plaintiff filed a Motion for Preliminary Injunction, (ECF No. 19), and a Motion for Temporary Restraining Order, (ECF No. 20). Because said Motions seek the same relief that is addressed in this Order, Plaintiff's Motion for Preliminary Injunction, (ECF No. 19), and Motion for Temporary Restraining Order, (ECF No. 20), are **DENIED as moot**.

Brian Williams ("Williams"), Chaplain Julio Calderin ("Calderin"), and Assistant Warden Jennifer Nash ("Nash") (collectively "Defendants"). (Compl. at 3-4, 7, ECF No. 5).

In his Complaint, Plaintiff makes the following allegations. Defendants are denying Plaintiff access to the Native American religious grounds and are denying Plaintiff the ability to participate in Native American religious ceremonies due to Plaintiff's ethnicity and race. (Compl. at 3). Plaintiff is Mexican-American. (*Id.* at 4). Plaintiff seeks to practice his Native American beliefs, but Defendants denied Plaintiff's right to practice and participate in Native American religious ceremonies because Plaintiff cannot provide documentation that he is of Native American descent. (*Id.*).

On April 5, 2017, Plaintiff sent kites to Dzurenda, Williams, Nash, and Calderin regarding access to the Native American grounds and the denial of his chosen religion. (*Id.*). In those kites, Plaintiff cited case law arguing that that the denial of non-Native Americans' abilities to practice Native American beliefs violated those inmates' rights. (*Id.*). On July 11, 2017, Plaintiff filed a grievance explaining that no other religion required inmates to show proof of their ethnicity to practice their beliefs. (*Id.* at 4–5).

On August 1, 2017, Calderin responded and explained that the requirement of proving Native American descent was imposed by the Nevada Indian Commission ("NIC"). (*Id.*). That same day, Plaintiff filed a first level grievance which explained that NIC had no authority over NDOC. (*Id.*). On August 28, 2017, Williams responded and quoted administrative regulation ("AR") 810. (*Id.*). On August 31, 2017, Plaintiff filed a second level grievance. (*Id.*). On November 2, 2017, Defendant Thomas responded that Plaintiff could not grieve an outside agency and that Plaintiff needed to go through the religious review team ("RRT"). (*Id.*). Plaintiff had gone through the RRT but the RRT failed to reply to Plaintiff. (*Id.*).

On February 2, 2018, Plaintiff filed the instant Motion for Preliminary Injunction/TRO, (ECF No. 2). In his Motion, Plaintiff requests an injunction enjoining Defendants "from denying Plaintiff and all those similar situated the ability to practice and participat[e] in their Native [I]ndian beliefs, the racial discrimination of denying non Native American Indians from participating in sweat lodge, prayer circle, drum circle, sacred pipe and access to the Native Indian grounds." (Mot. for Prelim. Inj. at 1, ECF No. 2). Additionally, Plaintiff requests that Defendants be "restrained from deny[ing] plaintiff access to the Native Indian grounds, sweat lodge, drum circle, prayer circle, sacred pipe, and all other religious functions with the other Native Indian practitioners." (*Id.*).

On October 9, 2018, the Court held a hearing on Plaintiff's Motion for Preliminary Injunction/TRO. (Mins. of Proceedings, ECF No. 21). At the hearing, the parties were advised that the instant written Order would follow. (*Id.*).

## II. **LEGAL STANDARD**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. at 24 (internal quotation marks omitted).

The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for*

*the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

**III.  DISCUSSION**

    **A.  Likelihood of Success on the Merits**

Although Plaintiff asserts claims under the First Amendment Free Exercise Clause, Fourteenth Amendment Equal Protection, and RLUIPA, the Court finds that Plaintiff is likely to succeed on the merits of his RLUIPA claim and therefore will not address the merits of Plaintiff's remaining claims. *See, e.g.*, *Randazza v. Cox*, 920 F. Supp. 2d 1151, 1156 (D. Nev. 2013).

RLUIPA expands rights under the First Amendment's Free Exercise Clause, mandating that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person–
>     (1) is in furtherance of a compelling governmental interest; and
>     (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a)(1)-(2). A prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation. *Holt v. Hobbs*, 135 S.Ct. 853, 862 (2015).

Here, the Court is satisfied that Plaintiff's Native American religious beliefs are sincerely held. Further, AR 810 is a substantial burden on Plaintiff's free exercise as he is Mexican-American and cannot show that he is Native American or provide

documentation that he is registered or affiliated with any recognized tribe. (Compl. at 3–4). While the Court acknowledges Defendants' interests in safety and security, Defendants have not shown that any safety or security issues are likely to arise from Plaintiff's participation in Native American religious ceremonies. Moreover, Defendants have not shown that their penological interests cannot be furthered by less restrictive means. As such, the Court finds that Plaintiff is likely to succeed on his RLUIPA claim. Accordingly, this factor weighs in favor of an injunction.

### B.   Irreparable Harm

A party seeking preliminary injunctive relief in a First Amendment context can establish irreparable injury by demonstrating the existence of a colorable First Amendment claim. *Warsoldier v. Woodford*, 418 F.3d 989, 1001 (9th Cir. 2005) (applying First Amendment irreparable injury standard to a RLUIPA case). This element weighs in Plaintiff's favor because, as discussed *supra*, Plaintiff is likely to succeed on the merits of his RLUIPA claim. Further, this Court has previously found that Plaintiff has a colorable claim under RLUIPA. (*See* Screening Order 8:9–13, ECF. No. 4).

### C.   Balance of the Equities

The balance of the equities tip in the favor of Plaintiff. Defendants will not suffer any substantial hardship if the Court grants Plaintiff's request to participate in Native American religious ceremonies and Plaintiff is given access to Native American grounds. However, Plaintiff would be greatly harmed if he is not able to exercise his chosen religion. Therefore, on balance, the harm to Plaintiff outweighs the harm to Defendants.

### D.   Public Interest

"The public interest analysis for the issuance of [injunctive relief] requires [district courts] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d

1127, 1138 (9th Cir. 2011) (citation omitted). Here, "the public interest is served by the protection of the First Amendment rights of its citizens, even if they are prisoners." *Saintal v. Foster*, No. 2:11-cv-00445-MMD-PAL, 2012 WL 5180738, at *10 (D. Nev. Oct. 17, 2012).

Therefore, Plaintiff has established each of the four elements necessary for preliminary injunction. Accordingly, the Court finds that Defendants must allow Plaintiff to participate in Native American religious ceremonies with the Native American practitioners including sweat lodge, prayer circle, drum circle, smudging, sacred pipe and access to the Native Indian grounds. Additionally, Plaintiff's request that all similarly situated prisoners are granted a similar accommodation is denied.[3]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 2), is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Defandants shall allow Plaintiff to participate in Native American religious ceremonies with the Native American practitioners including sweat lodge, prayer circle, drum circle, smudging, sacred pipe, and access to the Native Indian grounds.

///

---

[3] To the extent that Plaintiff requests a temporary restraining order, his request is DENIED. (Mot. for Prelim. Inj. at 1, ECF No. 2). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974). Here, the Court has found that a preliminary injunction is appropriate and therefore the lesser remedy of a temporary restraining order is unnecessary.

1     **IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 19), and Motion for Temporary Restraining Order, (ECF No. 20), are **DENIED as moot**.

    **DATED** this __16__ day of October, 2018.

    _____
    Gloria M. Navarro, Chief Judge
    United States District Court