# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ERNEST JORD GUARDADO,           )
                                )
                Plaintiff,         )   Case No.: 2:18-cv-0198-GMN-VCF
    vs.                         )
                                )   **ORDER**
STATE OF NEVADA, *et al.*,      )
                                )
                Defendants.        )
                                )

Pending before the Court is Defendants' Motion for Stay of Enforcement of Preliminary Injunction, (ECF No. 23). *Pro se* Plaintiff Ernest Jord Guardado ("Plaintiff") filed a Response, (ECF No. 29),[1] and Defendants filed a Reply, (ECF No. 30).

Also pending before the Court is Defendants' Motion for Reconsideration, (ECF No. 28). Plaintiff filed a Response, (ECF No. 33), and Defendants filed a Reply, (ECF No. 37). For the reasons discussed below, the Court **DENIES** Defendants' Motion to Stay Enforcement of Preliminary Injunction and **DENIES** Defendants' Motion for Reconsideration.

## I.    <u>BACKGROUND</u>

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). (Resp. 2:3–4, ECF No. 15). On February 2, 2018, Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging violations of the First Amendment Free Exercise Clause, Fourteenth Amendment Equal Protection Clause, and Religious Land Use and Institutionalized Persons Act ("RLUIPA") against NDOC Director James Dzurenda ("Dzurenda"), Deputy Director of Programs K. Thomas ("Thomas"), Warden Brian Williams

---

[1] Plaintiff filed a Motion to Extend Time to Respond to Defendant's Motion for Stay of Enforcement of Preliminary Injunction, (ECF No. 27). For good cause appearing, Plaintiff's Motion to Extend Time is **GRANTED** *nunc pro tunc*.

("Williams"), Chaplain Julio Calderin ("Calderin"), and Assistant Warden Jennifer Nash ("Nash") (collectively "Defendants"). (Compl. at 3–4, 7, ECF No. 5).

Also, on February 2, 2018, Plaintiff filed a Motion for Preliminary Injunction/TRO, (ECF No. 2). The Court held a hearing on Plaintiff's Motion for Preliminary Injunction/TRO on October 9, 2018. (Mins. of Proceedings, ECF No. 21). The Court granted Plaintiff's motion in part, and ordered that Defendants "allow Plaintiff to participate in Native American religious ceremonies with the Native American practitioners including sweat lodge, prayer circle, drum circle, smudging, sacred pipe and access to the Native Indian grounds." (*Id.*); (*see also* Order, ECF No. 24). On October 12, 2018, Defendants filed a Motion for Stay of Enforcement of Preliminary Injunction, (ECF No. 23). Subsequently, on October 30, 2018, Defendants filed a Motion for Reconsideration, (ECF No. 28). The Court will address each of Defendants' Motions in turn.

## II. <u>LEGAL STANDARD</u>

### A. Motion for Stay

A stay pending appeal is generally subject to the standard governing preliminary injunctions. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The relevant factors include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Golden Gate Rest. Ass'n v. City and Cnty. of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Hilton*, 481 U.S. at 776).

The Ninth Circuit has held that courts should engage in a "general balancing approach" of the *Hilton* factors when considering a motion to stay. *Leiva-Perez v. Holder*, 640 F.3d 962, 965–66 (9th Cir. 2011). When balancing the factors, the court must be cognizant that the first two are the "most critical" to the disposition of a motion to stay. *Nken v. Holder*, 556 U.S. 418,

434 (2009). While no single factor is sufficient for a stay to be granted, there must be a "threshold showing" for each factor before a court can even begin balancing them. *See Leiva-Perez*, 640 F.3d at 965–66.

### B. Motion for Reconsideration

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). Reconsideration is not a mechanism for rearguing issues presented in the original filings. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Moreover, motions for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III. DISCUSSION

### A. Defendants' Motion for Stay, (ECF No. 23)

In their Motion for Stay, Defendants request that enforcement of the preliminary injunction be stayed pending Defendants' filing of a motion for reconsideration, the Court's ruling on said motion,[2] and "should it become necessary following the Court's ruling on reconsideration, an appeal to the United States Court of Appeals for the Ninth Circuit." (Mot. for Stay 3:8–11, ECF No. 23). Defendants argue that all four *Hilton* factors weigh in favor of

---

[2] Defendants have filed a Motion for Reconsideration, (ECF No. 28), and the instant Order provides a ruling on said Motion. Accordingly, to the extent Defendants' Motion for Stay requests that enforcement of the preliminary injunction be stayed pending Defendants' filing of a motion for reconsideration and the Court's ruling on the same, Defendants' Motion for Stay is **DENIED as moot**.

staying the enforcement of the preliminary injunction.[3] Alternatively, Defendants request a partial stay, allowing Plaintiff to practice the Native American religion on an individual basis, rather than with other practitioners. (*Id.* 3:12–16). The Court will address the four *Hilton* factors in turn, followed by Defendants' alternative request for relief.

### 1. *Hilton* Factors

#### a. *Stay applicants' likelihood of success on the merits*

Here, Defendants have failed to make a strong showing that they are likely to succeed on the merits. The arguments Defendants proffer in support of likelihood of success, in large part, restate arguments in Defendants' Response in opposition to the preliminary injunction motion, (ECF No. 15), which this Court has previously considered and rejected. While Defendants attempt to support the Motion for Stay with several declarations, these declarations are devoid of any new meaningful information and are substantially similar to declarations previously submitted by Defendants. They merely contain a few additional sentences making conclusory statements such as, "[c]ompelling NDOC to permit non-Native inmates to attend and participate in Native American Ceremonies would give rise to serious safety and security concerns," and, "having non Native Americans participate in Native American ceremonies with Native American inmates could result in significant likelihood of physical injury." (*See* Wickham Decl. ¶ 5, 6, ECF 23-1); (*see also* Williams Decl. ¶¶ 5, 6, ECF No. 23-2). Noticeably missing is evidence substantiating these statements.

The Court addressed and rejected each of Defendants' arguments at the October 9, 2018 Hearing and in the October 16, 2018 Order, and will not repeat its analysis here. For the

---

[3] Defendants also argue that the Court should grant a stay so that "Defendants have appropriate time and resources to implement" the preliminary injunction. (Mot. for Stay 8:2–3). Defendants give little detail as to what changes they would have to implement, only briefly mentioning "staffing and security procedures" and necessary "financial outlays." (*Id.* 8:5, 8:20–21). Similarly, Defendants do not state the length of time they are requesting. Accordingly, Defendants' request is denied.

reasons stated on the record during the Hearing and set forth in the Order, the Court determined that Plaintiff has demonstrated a strong likelihood of success on the merits of his RLUIPA claim. (*See* Order 4:23–5:7). Accordingly, this factor ways against granting a stay.

### *b. Irreparable injury to applicants absent a stay*

Regarding the second factor, Defendants argue that "[i]f Plaintiff goes on Native American grounds and gets physically assaulted," Defendants will suffer irreparable harm due to "the lawsuit that would certainly be filed," and "increased operational safety concerns." (Mot. for Stay 6:24–27).

Plaintiff responds that there is no reason to believe that he would be physically assaulted. (*See* Resp. at 3–4, ECF No. 29). He has previously been granted access to the Native American grounds and has participated in Native American ceremonies with Native American practitioners on several occasions. (*Id.* at 3).

The Court tends to agree with Plaintiff as Defendants have not shown that any safety or security issues are likely to arise from Plaintiff's participation in Native American religious ceremonies or Plaintiff's access to Native American grounds. *See Leiva-Perez*, 640 F.3d at 968 (noting that a stay applicant "must show that an irreparable injury is the more probable or likely outcome"). Plaintiff has previously participated in said ceremonies with other Native American practitioners on Native American grounds, and none of the parties to this action have reported incidents or threats of violence as a result of those activities. Given the unlikelihood of safety or security issues, any litigation arising from compliance with this Court's Order is highly speculative in nature. Further, while Defendants claim irreparable injury based on "increased operational safety concerns," Defendants do not point to any supporting evidence or authority and instead rely on their bare assertions. (Mot. for Stay 6:25–27). Because Defendants have not shown that they will likely suffer irreparable injury, this *Hilton* factor does not weigh in favor of issuing a stay.

### c. *Substantial injury to other parties if stay is issued*

With respect to the third *Hilton* factor, the Court has already found that Plaintiff will be irreparably harmed absent a preliminary injunction. (Order 5:9–15). Moreover, while Defendants contend that a stay pending Defendants' filing of a motion for reconsideration would not cause Plaintiff substantial injury as they would have to file it within 28 days of the underlying order, this argument is moot for reasons discussed *supra*. (Mot. for Stay 7:4–9). As such, this factor does not weight in favor of a stay.

### d. *Public interest*

Regarding the fourth *Hilton* factor, Defendants argue that "[p]ublic interest lies with issuing a stay so that the Court can ensure it accurately assessed and weighed the competing interests of both parties." (Mot. for Stay 7:16–17). The Court has reviewed the relevant filings and considered the parties' interests. As articulated in the Court's Order, "the public interest is served by the protection of the First Amendment rights of its citizens, even if they are prisoners." (Order 6:1–4) (quoting *Saintal v. Foster*, No. 2:11-cv-00445-MMD-PAL, 2012 WL 5180738, at *10 (D. Nev. Oct. 17, 2012)).

Accordingly, each of the four *Hilton* factors weigh against issuance of a stay, and therefore, Defendants' Motion for Stay will be denied to the extent that it seeks a stay of the preliminary injunction in its entirety.

### 2. **Defendants' Alternative Request for a Partial Stay**

Alternatively, Defendants request that the Court stay the portion of the injunction requiring Defendants to permit Plaintiff to participate in Native American religious ceremonies with the Native American practitioners. (Mot. for Stay 3:12–15). Defendants argue that there is "no infringement on Plaintiff's religious exercise" by ordering that Defendants provide Plaintiff with the opportunity to participate in religious activities on an individual basis, as opposed to with Native Americans. (*Id.* 5:15–18).

In response, Plaintiff argues that religious exercise often includes assembling with others for group worship services and allowing him to only practice individually "would place a substantial burden on plaintiff as the sacred ceremonies are a group practice." (Resp. at 5).

RLUIPA states, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government establishes that the burden furthers "a compelling governmental interest," and does so by "the least restrictive means."[4] 42 U.S.C. § 2000cc-1(a)(1)-(2). Moreover, RLUIPA broadly defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). Thus, while Defendants' argument seems to be based on the premise that group worship is not a religious exercise central to the Native American religion, centrality does not determine whether a particular religious exercise is entitled to protection. Under RLUIPA, the relevant inquiry is whether group worship constitutes a "religious practice." The Court finds that worshiping with other practitioners is a religious practice protected by RLUIPA. As such, a partial stay is not warranted.

In light of the foregoing, Defendants have failed to show that staying the enforcement of the preliminary injunction, partial or otherwise, is appropriate. Accordingly, Defendants' Motion for Stay is **DENIED**.

### B. Defendants' Motion for Reconsideration, (ECF No. 28)

In Defendants' Motion for Reconsideration, Defendants ask the Court to reconsider its Order "as it relates to allowing Plaintiff to participate in Native American religious ceremonies with Native [American] practitioners." (Mot. for Recons. 1:18–20). Defendants argue that reconsideration is proper for three reasons. First, Defendants assert that the Court's Order

---

[4] The Court has already made determinations regarding the "compelling governmental interest" and "least restrictive means" tests codified at 42 U.S.C. § 2000cc–1(a), and will not repeat its analysis here. (*See* Order 4:14–5:7).

granting the preliminary injunction is over-expansive and does not address Defendants' salient interests in the application of the injunction. (*Id.* 5:6–8). In effect, Defendants are rearguing issues already presented and do not provide any unusual circumstances that would justify granting reconsideration. The Court finds neither clear error nor manifest injustice in the reasoning of its previous Order, and therefore, the criteria for reconsideration have not been met.

Second, Defendants argue that reconsideration is proper because Plaintiff seeks "the unique legal status of Native American," and NDOC does not have the "jurisdiction nor the right" to impose this status on a non-Native American. (*Id.* 8:6–7). Defendants cite laws containing definitions for "Native American" and "Indian," in an effort to show that Native American is a legal status. (*Id.* 8:24–9:15). But these statutes and regulations pertain to tax and education legislation, *inter alia*. Defendants do not show how such definitions are relevant in the context of First Amendment religious exercise, and it is not apparent to the Court. Moreover, as Plaintiff states in his Response, Plaintiff does not seek to change his ethnicity to Native American or be recognized as such. (Resp. at 4, ECF No. 33). "Plaintiff merely wishes to practice his Indian beliefs." (*Id.*).

Lastly, Defendants argue that Plaintiff failed to exhaust his administrative remedies, and as such, Plaintiff's preliminary injunction and underlying claim are subject to dismissal, pursuant to the Prison Litigation Reform Act. (Mot. for Recons. 10:11–20). Defendants never raised this argument in their briefing on the Motion for Preliminary Injunction, and mentioned it for the first time in their Reply regarding the Motion for Stay. (Reply 6:10–8–10, ECF No. 30). Defendants thus waived the argument. In any case, Defendants' argument is unsupported and fails.

Defendants contend that Plaintiff first had to submit a Faith Group Affiliation Declaration Form ("Form") requesting a change of religion before he could properly file a

grievance. (Mot. for Recons. 11:3–15). Defendants further allege that there is no evidence that Plaintiff complied with the above requirement,[5] and therefore, Plaintiff failed to exhaust his administrative remedies. (*Id.* 11:19–22). While Defendants cite Administrative Regulation ("AR") 810.3 as the authority mandating that the Form be submitted prior to filing a grievance, Defendants do not indicate which part of AR 810.3's language creates this requirement, and the Court cannot locate it. (*Id.* 11:3–18).

Defendants also briefly mention that Plaintiff could have satisfied the purported requirement by filing "a religious request for his Native American accommodation as required by AR 810.3.D (New or Additional Religious Service/Meeting)." (*Id.* 11:18–22). However, a review of part D shows that it is inapplicable in the context of this case as it merely outlines the procedures that inmates must comply with when requesting that the prison in which they are housed add a new or additional religious service. (*See* AR 810.3 at 15–16, ECF No. 15-1). Here, Plaintiff's request is that he be allowed to participate in Native American religious ceremonies—ceremonies which are already regularly held at the prison where he is housed. Defendants' argument that Plaintiff failed to exhaust his administrative remedies is therefore unsupported. Accordingly, Defendants' Motion for Reconsideration is **DENIED**.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Time, (ECF No. 27), is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Enforcement of Preliminary Injunction, (ECF No. 23), is **DENIED**.

///

---

[5] In his Response to the Motion for Reconsideration, Plaintiff asserts that he submitted a Form prior to filing a grievance and provides supporting evidence. (Resp. at 5–7, ECF No. 33). However, at this stage in litigation, the Court need not make findings on this issue.

**IT IS FURTHER ORDERED** that Defendants' Motion for Reconsideration, (ECF No. 28), is **DENIED**.

**DATED** this __6__ day of December, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge