# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

EARNEST JORD GUARDADO,

        Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

2:18-cv-00198-GMN-VCF

**ORDER**

MOTION TO STRIKE [ECF NO. 53]

Before the Court is Defendants Julio Calderin, James Dzurenda, Jennifer Nash, Kim Thomas, and Brian Williams's Motion to Strike Plaintiff's Amended Civil Rights Complaint. (ECF No. 53). For the reasons stated below, the motion to strike is denied. However, the Court orders that the amended complaint be dismissed with leave to amend.

## BACKGROUND

The Court screened Plaintiff Earnest Guardado's *in forma pauperis* application and original complaint on August 29, 2018. (ECF No. 4). Plaintiff, who is incarcerated, alleged that Defendants violated his First, Eighth, and Fourteenth Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by denying plaintiff his right to practice his religious beliefs based on his ethnicity. (ECF No. 5 at 3, 7). The Court found that Plaintiff stated colorable claims based on his First and Fourteenth Amendment rights and the RLUIPA. (ECF No. 4 at 5-7). However, the Court "dismisse[d] Plaintiff's Eighth Amendment claim without prejudice because there are no allegations in the complaint that support an Eighth Amendment claim." (*Id.* at 5).

Due to a stay entered in the case for mediation (ECF No. 42), no answer was filed until February 1, 2019 (ECF No. 52). Prior to an answer being filed, Plaintiff filed an amended complaint on December

26, 2018. (ECF No. 47). The amended complaint lists the same Defendants as the original complaint, except that it omits the State of Nevada, which was dismissed from the original complaint with prejudice. (ECF No. 4 at 9). Counts 1 and 2 in the amended complaint relate to Plaintiff's First and Fourteenth Amendment rights and the RLUIPA, and are substantively the same as the counts in Plaintiff's original complaint. (*Compare* ECF No. 5 at 4-7; ECF No. 47 at 4-6). The amended complaint adds Count 3, which is brought under the Eighth Amendment. (ECF No. 47 at 7-9). Plaintiff alleges that "Defendants Dzurenda, Thomas[,] Williams [and Nash] all failed in their supervisory capacity with their deliberate indifference of the violation of Plaintiff's rights" related to religious exercise. (*Id.* at 7). Plaintiff then lists the requirements for the Court's supplemental jurisdiction over state law claims and discusses negligence in hiring, training, and supervising. (*Id.* at 8-9).

Defendants now move to strike the amended complaint. (ECF No. 53). Defendants argue that Plaintiff could not amend the complaint without leave of Court, as Plaintiff filed the amended complaint more than 21 days after filing his original complaint. (*Id.* at 2-3). In response, Plaintiff argues that he filed his amended complaint prior to Defendants filing an answer or motion to dismiss, which is within the timeframe to amend without the leave of Court. (ECF No. 54 at 2).

**MOTION TO STRIKE**

"A party may amend its pleading once as a matter of course within [,]…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave." Fed. R. Civ. P. 15(1)(2).

Plaintiff filed his amended complaint before Defendants filed an answer or motion under Rule 12(b), (e), or (f) related to the original complaint. Plaintiff did not require leave of Court to amend his complaint. Therefore, Defendants' motion to strike is denied.

## SCREENING UNDER 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A, the Court shall screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss any portion that "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." Plaintiff brings suit against governmental employees, and his amended complaint must be screened under 28 U.S.C. § 1915A.

Counts 1 and 2 of the amended complaint are substantively the same as the counts in Plaintiff's original complaint, which the Court found stated colorable claims under the First and Fourteenth Amendment and the RLUIPA. (*Compare* ECF No. 5 at 4-7; ECF No. 47 at 4-6). Plaintiff has attempted to address the Court's concerns regarding his Eighth Amendment claim (ECF No. 5 at 5) by adding Count 3 to the amended complaint (ECF No. 47 at 7-9).

Count 3 of the amended complaint does not contain any allegations relating to the Eighth Amendment. The Eighth Amendment protects against "the unnecessary and wanton infliction of pain," *Vigliotto v. Terry*, 873 F.2d 1201, 1203 (9th Cir. 1989), and "the deprivation of a[n]…identifiable human need such as food, warmth, or exercise," *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Denying an inmate's opportunity to exercise religious beliefs "may violate other constitutional protections, but…does not also constitute cruel and unusual punishment in violation of the Eighth Amendment." *Hall v. Skolnik*, No. 2:10-CV-00054-JCM-VCF, 2010 WL 3703717, at *4 (D. Nev. Sept. 13, 2010). Because Plaintiff's allegations relate to religious exercise rather than pain or an identifiable human need, Plaintiff does not state a colorable Eighth Amendment claim.

3

Plaintiff also asserts in Count 3 that "Defendants have failed in their supervisory capacity and their negligence resulted in the violation of Plaintiff's rights." (ECF No. 47 at 8). Generally, "[s]upervisors aren't vicariously liable for constitutional violations under section 1983." *Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir. 2014). In addition, the Court found that Plaintiff already stated colorable claims against Defendants based on their individual involvement in the alleged violation of Plaintiff's rights. (ECF No. 4 at 5-7).

Finally, Count 3 discusses supplemental jurisdiction and a state law claim for negligent hiring, training, and supervising. (ECF No. 47 at 8-9). However, it is not clear from the heading of Count 3 that Plaintiff is actually pursuing a state law claim, as Plaintiff states that Count three is brought only under the Eighth Amendment. (*Id.* at 7). Allowing Plaintiff to amend Count 3 may clarify this issue.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Strike Plaintiff's Amended Civil Rights Complaint (ECF No. 53) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's amended complaint (ECF No. 47) is DISMISSED WITHOUT PREJUDICE pursuant to the Court's screening under 28 U.S.C. § 1915A. Plaintiff has until April 5, 2019 to file a second amended complaint for further screening. Should Plaintiff not file a second amended complaint, the case will proceed with the original complaint as screened by the Court. (ECF Nos. 4, 5).

IT IS FURTHER ORDERED that if a second amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the second amended complaint. The Court will issue a screening order on the Second Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO ORDERED.

DATED this 4th day of March, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE