# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| EARNEST JORD GUARDADO, | 2:18-cv-00198-GMN-VCF |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | SECOND AMENDED COMPLAINT [ECF NO. 63] |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff Earnest Guardado's Second Amended Complaint.  (ECF No. 63). For the reasons discussed below, Plaintiff's Second Amended Complaint should be allowed to proceed on Counts 1 and 2 against Defendants Julio Calderin, James Dzurenda, Jennifer Nash, Kim Thomas, Brian Williams, Richard Snyder, and Harold Wickham.  Count 3 and Defendants Jeremy Bean and Monique Hubbard-Pickett should be dismissed from the case.

## BACKGROUND

### I.     Original Complaint and Screening

The Court screened Plaintiff's *in forma pauperis* application and original complaint on August 29, 2018.  (ECF No. 4).  Plaintiff, who is incarcerated, alleged that Defendants Julio Calderin, James Dzurenda, Jennifer Nash, Kim Thomas, Brian Williams, and the State of Nevada violated his First, Eighth, and Fourteenth Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by denying plaintiff his right to practice his religious beliefs based on his ethnicity.  (ECF No. 5 at 3, 7).  The Court found that Plaintiff stated colorable claims based on his First and Fourteenth Amendment rights and the RLUIPA.  (ECF No. 4 at 5-7).  However, the Court "dismisse[d] Plaintiff's

Eighth Amendment claim without prejudice because there are no allegations in the complaint that support an Eighth Amendment claim." (*Id.* at 5).

## II.  First Amended Complaint and Screening

Due to a stay entered in the case for mediation (ECF No. 42), no answer was filed until February 1, 2019 (ECF No. 52).  Prior to an answer being filed, Plaintiff filed an amended complaint on December 26, 2018.  (ECF No. 47).  The amended complaint listed the same Defendants as the original complaint, except that it omitted the State of Nevada, which was dismissed from the original complaint with prejudice.  (ECF No. 4 at 9).  Counts 1 and 2 in the amended complaint related to Plaintiff's First and Fourteenth Amendment rights and the RLUIPA.  (ECF No. 47 at 7-9).  Count 3 in the amended complaint was brought under the Eighth Amendment.  (*Id.*).  In Count 3, Plaintiff alleged that "Defendants Dzurenda, Thomas[,] Williams [and Nash] all failed in their supervisory capacity with their deliberate indifference of the violation of Plaintiff's rights" related to religious exercise.  (*Id.* at 7).

The Court found that Plaintiff did not require leave of Court to amend his complaint because it was filed before any answer.  (ECF No. 59 at 2-3).  The Court screened the first amended complaint under 28 U.S.C. § 1915A.  (*Id.* at 3-4).  The Court found that "Counts 1 and 2 of the amended complaint are substantively the same as the counts in Plaintiff's original complaint, which the Court found stated colorable claims under the First and Fourteenth Amendment and the RLUIPA." (*Id.* at 3).  The Court also found that, though "Plaintiff has attempted to address the Court's concerns regarding his Eighth Amendment claim," "Count 3 of the amended complaint does not contain any allegations relating to the Eighth Amendment." (*Id.* at 3).  The Court gave Plaintiff leave to amend his complaint to clarify whether Count 3 contained state law claims for negligent hiring, training, and supervising.  (*Id.* at 4).

2

### III.    Second Amended Complaint

Plaintiff filed a Second Amended Complaint on March 29, 2019. (ECF No. 63). The Second Amended complaint adds four defendants: Richard Snyder, Harold Wickham, Jeremy Bean, and Monique Hubbard-Pickett. (*Id.* at 3).

Counts 1 and 2 again relate to Plaintiff's First and Fourteenth Amendment rights and the RLUIPA. (*Id.* at 5-8). In addition to the allegations raised in the original and first amended complaint, Plaintiff alleges that Defendant Snyder is Chairman of the Religious Review Team, who did not respond to Plaintiff's request for assistance. (*Id.* at 6). Plaintiff also alleges Defendant Wickham is Deputy Director of Operations for the Nevada Department of Corrections and he was notified of Plaintiff's rights being violated, but did nothing. (*Id.* at 7). Plaintiff asserts that both Snyder and Wickham "named hi[m]self as a defendant in Plaintiff's complaint." (*Id.* at 6-7). Snyder and Wickham filed declarations in support of a motion to stay enforcement of a preliminary injunction. (ECF Nos. 23-1, 23-3). Both declarations state that the Nevada Attorney General's Office "on information and belief, represents Defendant, including myself" in this case. (ECF No. 23-1 at 1; ECF No. 23-3 at 1). Both Snyder and Kim are "familiar with NDOC's policies and procedures on religious ceremonies in NDOC facilities." (ECF No. 23-1 at 2; ECF No. 23-3 at 2).

Count 3 is an entirely new claim relating to Plaintiff's ability to make copies of other inmates' affidavits. (*Id.* at 9-11). It relates to actions taken at High Desert State Prison, including actions taken by Defendants Bean and Hubbard-Pickett, beginning in November 2018. (*Id.*). Plaintiff has also filed a motion for preliminary injunction relating to the allegations within Count 3. (ECF No. 62). The Deputy Attorney General represented to the Court "that he will work with the High Desert State Prison staff members to allow inmate Guardado to make copies of the affidavits." (ECF No. 65).

## ANALYSIS

As the Court previously found, Plaintiff did not require leave of Court to file his first amended complaint. (ECF No. 59). The only analysis done by the Court on Plaintiff's first amended complaint was a screening under 28 U.S.C. § 1915A. (*Id.*). The Court gave Plaintiff leave to amend his first amended complaint specifically to address issues with potential state law claims for negligent hiring, training, and supervising. (*Id.* at 4). However, Plaintiff does not address potential state law claims in his Second Amended Complaint. Rather, Plaintiff seeks to add new Defendants and a new claim. (ECF No. 63). Therefore, Plaintiff does not have a right to file this Second Amended Complaint as a matter of course. The Court will treat analyze the Second Amended Complaint as it would under a motion to amend the complaint.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court finds Plaintiff's amendments to Counts 1 and 2 are proper. Plaintiff seeks to add Defendants Snyder and Wickham to these counts. (ECF No. 63 at 6-7). The Court is not persuaded that these Defendants "named [themselves] as [] defendant[s] in Plaintiff's complaint" (*Id.*), but documents filed in this case (ECF Nos. 23-1, 23-3) indicate that they have knowledge and potential control over NDOC's religious policies and procedures. Plaintiff has moved to amend his complaint early in the case, relatively soon after learning Defendants' identity. Therefore, Counts 1 and 2 in the Second Amended Complaint should proceed against Defendants Calderin, Dzurenda, Nash, Thomas, Williams, Snyder, and Wickham.

Count 3 deals with facts arising after the original complaint was filed.  (ECF No. 63 at 9-11).  "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  Leave to permit supplemental pleading is favored if it serves to promote judicial efficiency.  *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).  However, a supplemental pleading "cannot be used to introduce a separate, distinct and new cause of action" that could be the subject of a separate action.  *Id*. (internal quotation omitted).

The Court finds that it would not be proper for Plaintiff to supplement his complaint to add Count 3.  Count 3 seeks to add a separate, distinct, and new cause of action.  Plaintiff's concerns regarding his ability to make legal copies is not limited to this case—Plaintiff has already raised this exact same issue in another case.  (*See* 2:17-cv-01072-JAD-VCF, ECF Nos. 47, 54).  In addition, Plaintiff has filed a motion for preliminary injunction in this case based this issue.  (2:18-cv-00198-GMN-VCF, ECF No. 62).  The Court has given time for the parties to attempt to resolve this issue by themselves, without Court intervention.  (ECF No. 66).  Therefore, Count 3 and Defendants Bean and Hubbard-Pickett should be dismissed from the case.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff's Second Amended Complaint be allowed to proceed on Counts 1 and 2 against Defendants Julio Calderin, James Dzurenda, Jennifer Nash, Kim Thomas, Brian Williams, Richard Snyder, and Harold Wickham.  Count 3 and Defendants Jeremy Bean and Monique Hubbard-Pickett should be dismissed from the case.

Should the Court accept this Report and Recommendation, service should be directed for Defendants Snyder and Wickham.

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 19th day of April, 2019.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

6