# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| ERNEST JORD GUARDADO, | Case No. 2:18-cv-00198-GMN-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| STATE OF NEVADA, *et al.*, | MOTION FOR SANCTIONS (EFC NO. 128) |
| Defendants. | |

Before the Court is pro se plaintiff Ernest Jord Guardado's motion for sanctions. (ECF No. 128). The Court grants the motion in part.

Plaintiff argues in his motion for sanctions that defendants, Julio Calderin, James Dzurenda, Jennifer Nash, Richard Snyder, Kim Thomas, Harold Wickham, and Brian Williams ("NDOC Employees") failed to comply with this Court's discovery order (ECF No. 116) because he only received the chapel roster for January, February, and August of 2019 and not for the entire year. (ECF No. 128 at 2). Plaintiff also argues that the Court should award him $2,860 in attorney's fees for having to bring this motion. (*Id.*)

The NDOC Employees argue in their response that they supplemented their responses per the Court's Order and that if any months are missing, it, "*may* have been an oversight [because] [t]here is no benefit or reason for NDOC Employees to produce three months of chapel roster and withhold the rest." (ECF No. 129 at 4, emphasis added). The NDOC Employees argue they would have supplemented their responses if there was an oversight but that they were unable to have a good faith meet-and-confer with Guardado because he sent them a letter unilaterally giving them 7 days to produce the documents. (*Id.*) The defendants also argue that pro se plaintiffs cannot collect attorney's fees. (*Id.*) Plaintiff argues in his reply that the Court could award him attorney's fees under its inherent power. (ECF No. 130 at 4).

"By signing [a discovery response], an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry…with respect to a disclosure, it is complete and correct as of the time it is made." FRCP 26(g)(1). A responding party must supplement his initial disclosures and discovery responses if he learns that "in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…or…as ordered by the Court." Fed. R. Civ. P. 26(e).

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Federal Rule of Civil Procedure 37(a)(1).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FRCP 37(a)(4). "The sanctions available to the district court are discretionary and the imposition of such sanctions "as are just" will not be reversed unless there has been an abuse of discretion." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). The party facing the sanction has the burden of showing substantial justification or harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106-07 (9th Cir. 2001). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  The Local Rules state that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet-and-confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each

2

disputed discovery request." Local Rule 26-6(c). A good faith meet-and-confer requires a full discussion of the issues in dispute. *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). Courts may look beyond the movant's certification to determine whether a sufficient meet-and-confer took place. See, e.g., *Cardoza v. Bloomin' Brands, Inc*., 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

Reading the plaintiff's motion for sanctions liberally, the plaintiff also asks the Court to compel the defendants to supplement their discovery responses. While the Court understands that incarcerated pro se litigants face restrictions that may make it difficult to have a full, good faith meet-and-confer as required by the rules, pro se litigants are still required to abide by this Court's rules. A unilateral demand to supplement is not a good faith meet-and-confer. Since the Court denies plaintiff's request for sanctions and fees, the Court does not address whether it can order attorney's fees to a pro se litigant pursuant to its inherent power.

The Court, however, grants the motion in part regarding the discovery dispute because the NDOC Employees were vague in their response, noting that there "may" have been an oversight regarding whether they had thoroughly searched their records and had produced all the chapel rosters per this Court's Order. The Court orders that the NDOC Employees have 30 days to thoroughly search their records and supplement their discovery responses regarding the chapel roster. If after a thorough search, the NDOC Employees determine that no other chapel rosters exist, they must provide an additional certification that their previous supplement is complete and correct as of the date the NDOC Employees make their second certification. The parties are directed to engage in a good faith meet-and-confer, to the best of their ability, regarding any other area of dispute regarding the NDOC Employee's supplement.

//

3

ACCORDINGLY,

IT IS ORDERED that Guardado's motion for sanctions is GRANTED IN PART: the NDOC Employees have until Friday, August 21, 2020 to comply with this Order.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 22nd day of July 2020.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4