**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERNEST JORD GUARDADO, | ) |
| Plaintiff, | ) Case No.: 2:18-cv-00198-GMN-VCF |
| vs. | ) |
| | ) **ORDER** |
| STATE OF NEVADA, *et al.*, | ) |
| Defendants. | ) |

Pending before the Court is Plaintiff Ernest Jord Guardado's ("Plaintiff's") Motion for Reconsideration, (ECF No. 146).[1]  Defendants Julio Calderin, James Dzurenda, Jennifer Nash, Richard Snyder, Kim Thomas, Harold Wickham, and Brian Williams (collectively, "Defendants") filed a Response, (ECF No. 148), to which Plaintiff filed a Reply, (ECF No. 149).

Also pending before the Court are Plaintiff's Motion Requesting a Status Check on the Motion for Consideration, (ECF No. 150), Motion Requesting a Copy of the Civil Docket/Case History Report, (ECF No. 151), and Motion for Hearing regarding the Motion for Reconsideration, (ECF No. 152).  Defendants did not file Responses.

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Reconsideration and **DENIES as moot** Plaintiff's remaining motions.

---

[1] The Court is obligated to hold a pro se litigant to a different standard than a party who is represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The pleadings of a pro se litigant are "to be liberally construed" and "however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).  However, the pro se litigant "should not be treated more favorably" than the party who is represented by counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

## I. BACKGROUND

This case arises out of alleged constitutional deprivations while Plaintiff was in custody of the Nevada Department of Corrections. (*See* Second Am. Compl. ("SAC"), ECF No. 63).[2]

On April 5, 2017, Plaintiff sent kites to Defendants NDOC Director James Dzurenda, Warden Brian Williams, Assistant Warden Jennifer Nash, and Chaplain Julio Calderin regarding access to the Native American grounds and the denial of his chosen religion. (*Id.* at 5). More specifically, Plaintiff, who is not of Native American race or ethnicity, sought to practice the Native American religion. (*Id.*). In those kites, Plaintiff cited case law arguing that that the denial of non-Native Americans' abilities to practice Native American beliefs violated those inmates' rights. (*Id.*). On July 11, 2017, Plaintiff filed a grievance explaining that no other religion required inmates to show proof of their ethnicity to practice their beliefs. (*Id.* at 5–6).

On August 1, 2017, Defendant Calderin responded and explained that the requirement of proving Native American descent was imposed by the Nevada Indian Commission ("NIC"). (*Id.* at 6). That same day, Plaintiff filed a first level grievance which explained that NIC had no authority over NDOC. (*Id.*). On August 28, 2017, Williams responded and quoted administrative regulation ("AR") 810. (*Id.*). Relevant here, AR 810.3 states that inmates eligible to participate in Native American sweat lodge ceremonies include inmates who:

  a. Show proof of being enrolled in a federal recognized tribe;
  b. Demonstrate credible association with tribal living via written documentation from a recognized tribe;
  c. Demonstrate credible association with tribal living via written documentation from a tribe recognized by the United States government as having existed prior

---

[2] Plaintiff's Second Amended Complaint was signed under penalty of perjury. (*See* SAC at 14). Thus, to the extent the factual allegations in Plaintiff's Second Amended Complaint are based upon personal information and set forth facts that would be admissible in evidence, the allegations will be considered as evidence. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *see Lopez v. Smith,* 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc) ("A plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence.").

    to 1887 (Dawes Act enacted) but not necessarily registered with the federal government; [or]
  d. Successfully obtain written verification of Native American ethnicity from the [NIC].

(AR 810.3, Ex. A to Defs.' MSJ at 11–12).

  On August 31, 2017, Plaintiff filed a second level grievance. (SAC at 6).  On November 2, 2017, Defendant Deputy Director of Programs Kim Thomas responded that Plaintiff could not grieve an outside agency and that Plaintiff needed to go through the religious review team ("RRT"). (*Id.*).  Plaintiff filed the required documents with the RRT. (*Id.*).  He requested that the "exclusionary" language be removed from AR 810.3, and that he be permitted to practice Native American religion. (*Id.*).  The RRT committee did not respond. (*Id.*).

  On February 2, 2018, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of the First Amendment Free Exercise Clause, Fourteenth Amendment Equal Protection Clause, and Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (*See generally* Compl., ECF No. 1-1).  Additionally, Plaintiff filed a Motion for Preliminary Injunction, (ECF No. 2), requesting a court order enjoining Defendants "from denying Plaintiff and all those similar situated the ability to practice and participat[e] in their Native [I]ndian beliefs, the racial discrimination of denying non Native American Indians from participating in sweat lodge, prayer circle, drum circle, sacred pipe and access to the Native Indian grounds." (Mot. for Prelim. Inj. at 1, ECF No. 2).  Additionally, Plaintiff requested that Defendants be "restrained from deny[ing] plaintiff access to the Native Indian grounds, sweat lodge, drum circle, prayer circle, sacred pipe, and all other religious functions with the other Native Indian practitioners." (*Id.*).  On October 9, 2018, the Court held a hearing on Plaintiff's Motion for Preliminary Injunction. (Mins. Proceedings, ECF No. 21).  The Court partly granted the motion, ordering NDOC to allow Plaintiff to participate in Native American religious ceremonies with Native American practitioners including sweat lodge, prayer circle, drum

circle, smudging, sacred pipe, and access to the Native Indian grounds. (Order on Prelim. Inj. at 6, ECF No. 24).  The Court denied the motion as to Plaintiff's request that all similarly situated prisoners are granted a similar accommodation. (*Id.*).

On March 27, 2018, Plaintiff submitted Faith Group Affiliation Declaration Form seeking to change his faith group affiliation to Native American. (Ex. A to Mot. Recons., ECF No. 28-1).  It was denied the same day because "Inmate has no proof of being Native American." (*Id.*).  On September 20, 2018, Plaintiff submitted a second Faith Group Affiliation Declaration Form seeking to change his faith group affiliation to Native American. (Ex. B to Mot. Recons., ECF No. 28-1).  It was denied on October 2, 2018 because Plaintiff had "no tribal papers." (*Id.*).

On October 6, 2020, the Court granted in part and denied in part Plaintiff's Motion for Summary Judgment, (ECF No. 97), and Defendants' Motion for Summary Judgment, (ECF No. 114). (*See* Order on Mot. Summ. J. ("MSJ"), ECF No. 142).  Plaintiff's Motion to Extend, (ECF Nos. 107, 112) were also granted *nunc pro tunc*, and the remaining motions were denied. (*See id.*).  On October 20, 2020, Plaintiff filed the instant Motion for Reconsideration, requesting the Court reconsider its October 6, 2020 Order. (*See* Mot. Reconsideration, ECF No. 146).

## II. LEGAL STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59 and 60.  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873,

880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4). A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). Rule 60(b) relief should only be granted under "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017).

### III. DISCUSSION

Plaintiff requests the Court reconsider its decision granting summary judgment to Defendants on Plaintiff's First and Fourteenth claims. (Mot. Reconsideration 2:2–18:8). Plaintiff additionally argues that the Court abused its discretion by ruling on the Motions for Summary Judgment, (ECF Nos. 97, 114), before ruling on Plaintiff's Motion for Appointment of Counsel, (ECF No. 135). (*Id.* 18:10–20).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Plaintiff, in this case, fails to provide both a valid reason and evidence supporting reconsideration of the Court's prior Order.

1    As to the First Amendment claims, Plaintiff broadly disputes the Court's prior ruling
2 without providing a valid reason why the Court should revisit its Order. (*See id*.). Plaintiff
3 argues that the Court erred by basing its decision on Defendants' claims that Plaintiff has
4 alternate means of practice Native American religion in his cell. (Mot. Reconsideration 2:19–
5 21). Plaintiff additionally points out sentences from the Court's prior Order and disputes the
6 Court's analysis. (*Id*. at 9). A motion for reconsideration is not a mechanism for rearguing
7 issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.
8 1985), or "advancing theories of the case that could have been presented earlier," *Resolution*
9 *Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted). Plaintiff
10 appears to be displeased with the Court's order, arguing that "the fact that plaintiffs [sic] claim
11 under RLUIPA was upheld so to [sic] should Plaintiffs First Amendment claim." (*See* Mot.
12 Reconsideration 10:21–22). Plaintiff's disagreement with the Court's Order is not, however, a
13 legally sufficient ground for the Court to reconsider its prior order.

14    The same conclusion applies to Plaintiff's arguments concerning his Fourteenth
15 Amendment claim. Plaintiff asserts that the Court erroneously relied on Defendant Richard
16 Synder's declaration, which indicates that "Native American services often involve use of eagle
17 feathers which only Native American are permitted to possess under federal law." (Mot.
18 Reconsideration at 12–18); (*See* Decl. Richard Snyder ("Snyder Decl."), Ex. B to Defs.' MSJ,
19 ECF No. 114-2). Because Defendants allegedly did not discuss eagle feathers in their Motion
20 for Summary Judgment, Plaintiff contends that he was unable to rebut Defendants' assertions in
21 his briefing. (Mot. Reconsideration 13:6–15:2). Defendants, however, attached Synder's
22 declaration in the Motion for Summary Judgment. (*See generally* Snyder Decl. at 1–3).
23 Because Synder's declaration is not newly discovered evidence, reconsideration is not
24 appropriate in this case.

25

As to the Motion for Appointment of Counsel, Plaintiff contends that the Court erroneously ruled on the Motions for Summary Judgment before ruling on the Motion for Appointment of Counsel. (Mot. Reconsideration 18:10–20).  As a preliminary matter, Plaintiff appears to dispute the procedural manner in which the Court addressed his pending motions.  Because the Court did not previously discuss Plaintiff's Motion for Appointment of Counsel in its prior Order, there is nothing for the Court to reconsider.  Nevertheless, the Court maintains discretion to manage its docket, including the order in which motions are addressed. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936) (every court has the power to "control the disposition of the causes on its docket with economy of time and effort, for itself, for counsel, and for litigants.").  The Ninth Circuit has limited this discretion, finding that "the district court should determine if counsel would aid its resolution before disposing of the case on its merits." *Johnson v. United States Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).  Such limitation, however, does not apply in this case.  Plaintiff solely disputes the Court's failure to address his Motion for Appointment of Counsel, (ECF No. 135), filed on August 25, 2020. (Mot. Reconsideration 18:12–13).  Plaintiff, however, filed numerous Motions for Appointment of Counsel, (ECF Nos. 44, 80, 81, 92), before filing the disputed Motion for Appointment of Counsel on August 25, 2020.  The Court thus had ample opportunity to consider and ultimately find that appointment of counsel would not in the Court's resolution of Plaintiff's case.  The Court appropriately exercised its discretion in ruling on the Motions for Summary Judgment prior to the Motion for Appointment of Counsel.

In sum, Plaintiff reargues issues already presented and does not provide any unusual circumstances that would justify granting reconsideration.  The Court finds neither clear error nor manifest injustice in the reasoning of its previous Order, and therefore, the criteria for reconsideration have not been met.

//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 146), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting a Status Check on the Motion for Reconsideration, (ECF No. 150), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting for a Copy of Civil Docket/Case History Report, (ECF No. 151), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion REQUESTING Hearing on the Motion for Reconsideration, (ECF No. 152), is **DENIED as moot**.

**DATED** this __3__ day of September, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT